UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

UNITED STATES

    -against-

JULIO ENRIQUE CEBALLO,

              Defendant.

----------------------------------------X

**MEMORANDUM AND ORDER**

13-CR-308 (KAM)

**MATSUMOTO, United States District Judge:**

### BACKGROUND

Defendant Julio Enrique Ceballo ("Mr. Ceballo" or "defendant") is charged by a May 21, 2013 Indictment with five counts of distribution of child pornography, in violation of 18 U.S.C. § 2242(a)(2), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). (*See* Indictment ("Ind't") filed 5/21/2013, ECF No. 5.) On May 30, 2013, Mr. Ceballo pled not guilty to all counts of the Indictment.[1] The six counts of the Indictment relate to defendant's alleged use of an internet peer-to-peer ("P2P") file sharing program to make child pornography available to others, and alleged possession of child pornography on his computer. On January 4, 2013 and February 15, 2013, a Federal Bureau of

---

[1] Defendant has consented to waive his Speedy Trial rights pending the disposition of the instant motion. (*See* Minute Entry dated June 26, 2014.)

Investigation ("FBI") agent allegedly downloaded five images of child pornography from defendant through the P2P network.

Now before the court is defendant's motion to exclude at trial the five images downloaded by the FBI agent. (*See* Def. Mot. to Exclude ("Def. Mot."), ECF No. 28; Gov't Opp., ECF No. 30.) Defendant argues, pursuant to Federal Rule of Evidence 403, that introducing the images would unfairly prejudice the jury. He further argues that introducing the images at trial is unnecessary because he will stipulate that they constitute child pornography. (*See generally* Def. Mot.)

The government opposes defendant's motion, asserting that the images are highly probative of defendant's knowledge of the sexually explicit nature of the images and that minors are depicted. The government also asserts that the risk of unfair prejudice is minimal. The government opposes defendant's offer to stipulate that the images contain child pornography, asserting its right to present the government's case with evidence of its choosing. (*See* Gov't Opp. at 4-7).

The court has reviewed *in camera* the images at issue, as identified by counsel for the parties. For the reasons set forth herein, defendant's motion is respectfully denied.

## DISCUSSION

I. Motion *In Limine* Standard

The purpose of a motion *in limine* is to allow the

trial court to rule in advance of trial on the admissibility of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984) (explaining that the motion *in limine* is used "to exclude anticipated prejudicial evidence before the evidence is actually offered"); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). Only when evidence is "clearly inadmissible on all potential grounds" should evidence be excluded on a motion *in limine*. *United States v. Paredes*, 176 F. Supp. 2d 192, 193 (S.D.N.Y. 2001); *see also Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Grp.*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996).

A court considering a motion *in limine* may reserve judgment until trial so that the motion is placed in the appropriate factual context, *see Nat'l Union Fire Ins. Co.*, 937 F. Supp. at 287, or alternatively, may "in the exercise of sound judicial discretion. . . alter a previous in limine ruling" at trial as the "case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." Luce, 469 U.S. at 41-42.

**II. Motion to Exclude Images at Trial**

Federal Rule of Evidence 403 provides that the "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice."

3

"[U]nder 'limited circumstances,' the government may be required to accept a stipulation instead [of presenting its own evidence]." *Herndon v. United States*, 359 F. App'x 241, 243 (2d Cir. 2010) (quoting *United States v. Velazquez*, 246 F.3d 204, 211 (2d Cir. 2001)). Nonetheless, it is well-established that generally "the prosecution is entitled to prove its case by evidence of its own choice, or, more exactly, that a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it." *Old Chief v. United States*, 519 U.S. 172, 186-87 (1997).

The court has reviewed the charged images, and, despite defendant's offer to stipulate that the images constitute child pornography, the court finds, under Second Circuit precedent, that the images are admissible and that defendant's proposed stipulation is not an adequate substitute for the actual images. The Second Circuit has held in a number of recent, analogous cases that the admission of images of child pornography was not unfairly prejudicial to the defendant and that the defendant's proposed stipulation would be "an insufficient substitution for the actual evidence." *Herndon*, 359 F. App'x at 242-43 (citing *United States v. Polouizzi*, 564 F.3d 142, 152-53 (2d Cir. 2009); *United States v. Gantzer*, 810 F.2d 349, 351 (2d Cir. 1987)) (holding that the district court

4

did not err in admitting the charged images where defendant was charged with possession of child pornography). In such cases, the risk of unfair prejudice may be "minimized by the mode of presentation," such as by showing the images to the jury for only a few seconds. *Polouizzi*, 564 F.3d at 148, 153.

Moreover, defendant's proposed stipulations would not address all elements of the offense. The government must prove that the charged images constitute a depiction of a minor engaging in sexually explicit conduct, as defined by 18 U.S.C. § 2256(2)(A), and that defendant knowingly distributed and possessed such images. *See* 18 U.S.C. §§ 2252(a)(2), (a)(4)(B); *see also United States v. X-Citement Video, Inc.*, 513 U.S. 64, 78 (1994) (holding that the term "knowingly" in 18 U.S.C. § 2252 extends both to the sexually explicit nature of the material and to the age of the alleged minor engaging in the conduct).

The Second Circuit has held that where *mens rea* remains at issue, the government may prove the *mens rea* element with the actual images of child pornography. In *United States v. Harris*, 548 F. App'x 679 (2d Cir. 2013), the Second Circuit held that the district court did not abuse its discretion in admitting images of child pornography at trial, rather than accepting defendant's stipulation, because, "[w]hile [defendant] may not have contested that the images were child pornography, the images were still probative of whether [defendant] *knew* that

5

the images were child pornography given the youth of the minors depicted." *Id.* at 682. Similarly in *Herndon*, the Second Circuit held that the district court "did not abuse its discretion in determining that [the] probative value [of admitting the images of child pornography] outweighed any prejudicial effect" because "[e]ven if the [defendant's proposed] stipulation satisfied the child pornography element, the government was still required to prove the knowledge element. The images allowed the jury to determine how likely it was that [defendant] knew the images were child pornography." 359 F. App'x at 243.

For the foregoing reasons, defendant's motion is respectfully denied, and the charged images will be admitted at trial. To reduce any risk of unfair prejudice, however, the charged images may only be shown to jurors for a brief period and will not be displayed on the public monitors. *See Polouizzi*, 564 F.3d at 153.

**SO ORDERED**

DATED: October 6, 2014
  Brooklyn, New York

                /s/
                Kiyo A. Matsumoto
                United States District Judge